**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

BETTY KINCAID                                                                                     **PLAINTIFF**

VS.                                    **CIVIL ACTION NO. 3:05-cv-550 HTW-LRA**

MINACT-YATES, LLC, ET AL.                                        **DEFENDANTS**

**<u>ORDER</u>**

Before the court is the motion of the plaintiff to reconsider [**Docket No. 128**] brought under Rule 60(b) of the Federal Rules of Civil Procedure which requires the mover to show at least one of the following in order to set aside a prior judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ...; or (6) any other reason justifying relief from the operation of the judgment. The sixth element is a "catch-all" factor which requires that the mover show extraordinary circumstances that justify reconsideration. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

Motions for reconsideration "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.' " *Waltman v. International Paper Company*, 875 F.2d 468, 473 (5th Cir. 1989). The district court enjoys considerable discretion when determining whether the mover has satisfied any of the standards set forth under Rule 60(b). *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

In the instant case, this court has reviewed all the plaintiff's assertions under

Rule 60(b) and finds that none of them satisfies the standards of Rule 60(b). "A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result." *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 640 (5th Cir. 2005). Such is the case here.

The plaintiff's Rule 60(b)(1) assertion is based on her contention that her case was prejudiced by her attorney's negligence and inaction. Rule 60(b) is not designed to operate as an insurance mechanism for clients. Its purpose is not to give relief to the client who does not choose the best lawyer for the job. *Crutcher v. Aetna Life Ins. Company*, 746 F.2d 1076, 1083 (5th Cir. 1984).

The plaintiff also fails to show newly discovered evidence under Rule 60(b)(2). To prevail under Rule 60(b)(2 ), "a mover must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003). The plaintiff is not permitted to raise new claims such as her new assertions under the Family Medial Leave Act (FMLA). *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (Rule 60(b) "cannot be used to raise arguments which could, and should, have been made before the judgment issued [and] cannot be used to argue a case under a new legal theory").

Next, the plaintiff has not shown any clear and convincing evidence to support her claim of fraud, misrepresentation, or other misconduct of defense counsel. The claim that counsel opposite should have objected to any discovery and procedural failures of plaintiff's counsel does not establish that the adverse party engaged in fraud

or other misconduct, and that the misconduct prevented the plaintiff from fully and fairly presenting her case. *Helsing*, 396 F.3d at 641.

Furthermore, this court's decision in this case is not void. A judgment is void under Rule 60(b)(4) only if this court lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law. See *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). Clearly, this court had jurisdiction over the subject matter of the plaintiff's claims.

Finally, relief under Rule 60(b)(6) is granted only where extraordinary circumstances are present. *Hesling*, 396 F.3d at 642. The plaintiff's assertions of new theories and repetition of her claims under the other subdivisions of Rule 60(b) are not sufficient to establish extraordinary circumstances. This court finds no other reason which would justify relief from the operation of its judgment. Thus, the plaintiff's motion for reconsideration of this court's judgment is denied.

**SO ORDERED** this the 27th day of January, 2010.

                        **s/ HENRY T. WINGATE**
                        **CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:05-cv-550 HTW-LRA
Order